IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                       Cr. S-97-0461 DFL

    v.

THOMAS MARTIN SUKUP,                 ORDER

    Defendant.

_____/

Defendant has filed four motions with the court since December 1, 2005. For the reasons stated below, these motions are DENIED.

I.

Defendant was sentenced to 210 months in prison after pleading guilty to a drug offense in March 1999. In April 2005, defendant filed a motion captioned: "District Clerk to Promptly and Properly Process Defendant's Timely Filed Pro Se Notice of Appeal." Even though he filed this motion more than six years after he had been sentenced, defendant argues that it is timely

1

because his attorney abandoned him at the conclusion of trial and he filed his Notice of Appeal in accordance with the "Optional Appeal Rights Advisement" contained in the pre-sentence report.

Defendant has since filed the following: (1) a "Motion Requesting Court for Correction of Clerical Errors in Docket and Request for Clerk to Properly Process Filed Pro Se Notices of Appeal Docker Numbers, #81 and #82"; (2) a motion to have counsel appointed under § 18 U.S.C. § 3006A; (3) a "Motion Requesting Court for an Evidentiary Hearing"; and (4) a petition for writ of habeas corpus under 28 U.S.C. § 2255.

II.

A. <u>Notice of Appeal, Appointment of Counsel, and Evidentiary Hearing</u>

Defendant alleges that he filed his pro se notice of appeal through two letters (Docket #81 and #82). The first is a one-page handwritten letter addressed to the court that states, in part, "I must ask the court to my rights to appeal this presentence investigation report dated 4-22-99. . . . I received a copy of the report on 4-29-99 in court and [defendant's counsel] has not been available to thoroughly go over the report. On 4-30-99 I called and left a message requesting that we appeal this report, with 5-3-99 being the last day to appeal . . . ." Defendant also requested an extension of time "to appeal this presentence investigation report." The letter is dated April 30, 1999 and was filed on May 6, 1999.

The second letter is three pages long and is also addressed

1 to the court.  It states, in pertinent part, "I request my plea
2 of guilty withdrawn.  I request my plea agreement withdrawn.  I
3 request my rights to appeal my presentence report."  This letter
4 is dated May 4, 1999 and was filed on May 7, 1999.  Defendant
5 pled guilty in March 1999, received his sentence on June 3, 1999,
6 and judgment was entered on June 10, 1999.

7    Fed. R. App. P. 3(c) provides that a notice of appeal must
8 contain the following information: (1) the party taking the
9 appeal; (2) the judgment being appealed; and (3) the court to
10 which the appeal is taken.  The purpose of the notice is to
11 inform the other party that an appeal has been taken regarding a
12 specific decision in a case.  See Martin v. Clarke, 105 F.2d 685,
13 686 (7th Cir. 1939).  The notice of appeal must be liberally
14 construed.  Matter of TransAmerican Natural Gas Corp., 978 F.2d
15 1409, 1414 (5th Cir. 1992).  An appeal will not be barred if the
16 party's intent to appeal can be fairly inferred from the notice
17 it gave and the appellee is not prejudiced by the mistake or
18 deficiency in the notice of appeal.  Id.  However, a court "may
19 not waive the jurisdictional requirements of Rules 3 and 4" and a
20 filing does not constitute a notice of appeal unless it is the
21 "functional equivalent" of that document.  Torres v. Oakland
22 Scavenger Co., 487 U.S. 312, 317 (1988).

23    Even a liberal construction of the two letters reveals that
24 they are not the functional equivalent of a notice of appeal of
25 the judgment and sentence because they utterly fail to convey
26 defendant's intent to appeal his sentence.  Instead, the letters

challenge the propriety of the pre-sentence report. As a result, they were properly treated as objections to the pre-sentence report, which is exactly how the clerk described the letters in the "Docket Text."

The court finds that defendant failed to file a notice of appeal within 10 days of the court entering judgment and that the clerk did not make any clerical errors in docketing the two letters. Therefore, this motion is DENIED.

Because there is no appeal to prosecute, the court finds that defendant is not entitled to have counsel appointed for him or to an evidentiary hearing. Therefore, those motions are DENIED.

B.   <u>Petition for Writ of Habeas Corpus</u>

Defendant filed his first habeas petition on June 5, 2000. The court denied that petition on November 24, 2003. That decision was affirmed on August 24, 2005. Defendant filed this petition seeking a reinstatement of his right to directly appeal his conviction on Jan 11, 2006.

Defendant claims that his motion should not be considered a successive § 2255 because a defendant who seeks a reinstatement of his right to directly appeal his conviction in his first § 2255 petition is permitted to file a second § 2255 petition without that motion being treated as successive. <u>Johnson v. United States</u>, 362 F.3d 636, 638 (9th Cir. 2003). Although this is a correct statement of the law, it does not apply to defendant. Defendant seeks to have his <u>second</u> § 2255

4

characterized as if it were his first, because it seeks a reinstatement of his right to directly appeal his conviction, not the other way around as discussed in Johnson.

The purpose of the Johnson rule is to ensure that all prisoners are afforded at least one chance to collaterally attack their sentence. However, defendant has already had and taken an opportunity to collaterally attack his conviction. Moreover, in his first habeas petition, defendant asserted an ineffective assistance of counsel claim based on the fact that his counsel failed to file a direct appeal. Therefore, the same issue defendant seeks to establish on this successive filing has already been fairly presented and adjudicated. Because the issue was already resolved against him and because the petition is successive, defendant's § 2255 motion is DENIED.

### III.

For the foregoing reasons, the four motions discussed above are DENIED.

IT IS SO ORDERED.

Dated: 3/9/2006

DAVID F. LEVI
United States District Judge